UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>)<br>)<br>THOMAS JOSEPH BARRACK, )<br>)<br>)<br>)<br>DEFENDANT. )<br>_____) | 21-MJ-3402<br><br>LOS ANGELES, CALIFORNIA<br><br>JULY 23, 2021<br><br>(10:54 A.M. TO 11:03 A.M.)<br>(11:20 A.M. TO 11:42 A.M.) |

ARREST ON OUT OF DISTRICT WARRANT

BEFORE THE HONORABLE PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:              SEE NEXT PAGE

COURT REPORTER:           RECORDED; COURTSMART

COURTROOM DEPUTY:         ISABEL MARTINEZ

TRANSCRIBER:              DOROTHY BABYKIN
                         COURTHOUSE SERVICES
                         1218 VALEBROOK PLACE
                         GLENDORA, CALIFORNIA  91740
                         (626) 963-0566


PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF UNITED STATES OF AMERICA:

 3             TRACY WILKISON
              UNITED STATES ATTORNEY
 4             BRANDON FOX
              CHIEF, CRIMINAL DIVISION
 5             ASSISTANT UNITED STATES ATTORNEY
              BY:  MICHAEL MORSE
 6             ASSISTANT UNITED STATES ATTORNEY
              312 NORTH SPRING STREET
 7             LOS ANGELES, CALIFORNIA  90012

 8             NATHAN REILLY
              ASSISTANT UNITED STATES ATTORNEY
 9             EASTERN DISTRICT OF NEW YORK
              271A CADMAN PLAZA EAST
10             BROOKLYN, NEW YORK  11201
              (TELEPHONICALLY)

11

12   FOR THE DEFENDANT THOMAS JOSEPH BARRACK:

13
              RONAK D. DESAI
14             ATTORNEY AT LAW
              819 C STREET SE
15             WASHINGTON, D.C.  20036

16             STEPTOE & JOHNSON LLP
              BY:  MATTHEW J. HERRINGTON
17                 ATTORNEY AT LAW
              1330 CONNECTICUT AVENUE, NW
18             WASHINGTON, D.C.  20036

19
     ALSO PRESENT:
20
              OFFICER WALKER
21             U.S. PROBATION AND PRETRIAL SERVICES OFFICER

22

23

24

25
```

3

1                               I N D E X

2    21-MJ-3402                                    JULY 23, 2021

3

4    PROCEEDINGS:   ARREST ON OUT OF DISTRICT WARRANT

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1           LOS ANGELES, CALIFORNIA; JULY 23, 2021; 10:54 A.M.

2            THE CLERK:  MJ-21-3402, UNITED STATES VERSUS THOMAS

3   JOSEPH BARRACK.

4            COUNSEL, PLEASE STATE YOUR APPEARANCES STARTING WITH

5   PLAINTIFF.

6            MR. MORSE:  GOOD MORNING AGAIN, YOUR HONOR.

7            MICHAEL MORSE ON BEHALF OF THE UNITED STATES FOR THE

8   CENTRAL DISTRICT OF CALIFORNIA.

9            I ALSO HAVE WITH ME ASSISTANT UNITED STATES ATTORNEY

10  NATHAN REILLY FROM THE EASTERN DISTRICT OF NEW YORK, WHO WILL

11  BE TAKING THE LEAD ON THIS MATTER WITH THE COURT'S PERMISSION.

12          THE COURT:  ALL RIGHT.  GOOD MORNING.

13          MR. REILLY:  GOOD MORNING, YOUR HONOR.

14          MR. DESAI:  GOOD MORNING, YOUR HONOR.

15          RONAK D. DESAI HERE ON BEHALF OF MR. BARRACK.

16          I'M JOINED ONCE AGAIN BY MY COLLEAGUE MR. MATTHEW

17  HERRINGTON ALSO ON BEHALF OF MR. BARRACK.

18          MR. HERRINGTON:  GOOD MORNING, YOUR HONOR.

19          THE COURT:  GOOD MORNING TO YOU BOTH.

20          ALL RIGHT.

21          MR. DESAI:  AND MR. BARRACK HAS ALSO WAIVED HIS

22  PRESENCE IN THE COURTROOM TODAY JUST LIKE MR. GRIMES.

23          THE COURT:  YES.

24          MR. HERRINGTON:  AND I CAN CONFIRM, YOUR HONOR, THAT

25  WE'VE DISCUSSED THAT APPEARANCE WAIVER WITH HIM.  AND HE AGREED

5

1   TO THE WAIVER.

2           THE COURT:  ALL RIGHT.

3           AND YOU'VE DISCUSSED WITH HIM THEN HIS RIGHT TO BE

4   PRESENT IN COURT --

5           IS THAT CORRECT?

6           MR. DESAI:  THAT'S CORRECT.

7           THE COURT:  AND, COUNSEL, DO YOU BELIEVE THAT HIS

8   DECISION TO GIVE THAT RIGHT UP WAS KNOWING AND VOLUNTARY?

9           MR. DESAI:  YES, YOUR HONOR.  THAT'S CORRECT.

10          THE COURT:  ALL RIGHT.

11          MR. HERRINGTON:  YES, YOUR HONOR.

12          MR. DESAI:  I DO.

13          THE COURT:  ALL RIGHT.

14          THEN THE COURT ACCEPTS THE WAIVER OF DEFENDANT'S

15  PRESENCE IN THIS MATTER AND ORDERS THAT IT BE FILED.

16          ALL RIGHT.  I HAVE RECEIVED THE VOLUME OF PAPERWORK

17  IN CONNECTION WITH THE PARTIES' AGREEMENT TO SETTING CONDITIONS

18  OF RELEASE FOR MR. BARRACK.

19          AND I -- I DO FIRST WANT TO ASK COUNSEL.

20          HAVE YOU DISCUSSED ALL OF THE CONDITIONS OF RELEASE

21  WITH MR. BARRACK?

22          MR. DESAI:  YES, WE HAVE, YOUR HONOR.

23          MR. HERRINGTON:  YES, YOUR HONOR.

24          THE COURT:  AND HAVE YOU EXPLAINED TO HIM THAT HE

25  WILL BE REQUIRED TO COMPLY WITH ALL OF THOSE CONDITIONS --

6

1           MR. DESAI:  WE HAVE, YOUR HONOR.

2           THE COURT:  ALL RIGHT.  LET ME ASK PRETRIAL SERVICES.

3           DOES PRETRIAL SERVICES RECOMMEND ANY CONDITIONS OF

4   RELEASE IN ADDITION TO THOSE AGREED TO BY THE PARTIES?

5           U.S. PRETRIAL SERVICES OFFICER WALKER:

6           YOUR HONOR, I DON'T HAVE THE CONDITIONS THAT WERE

7   STIPULATED.

8           HOWEVER, IF THEY WERE THE SAME CONDITIONS PROPOSED IN

9   THE PREVIOUS CASE, PRETRIAL SERVICES ASKED THAT HE RESIDE AS

10  APPROVED BY PSA AND DO NOT RELOCATE.

11          FURTHER, IF THERE IS LOCATION MONITORING, WE ASK THAT

12  IS RELEASED TO PSA ONLY.

13          THE COURT:  ALL RIGHT.

14          I -- REGARDING AS APPROVED BY PRETRIAL SERVICES WAS

15  NOT IN DEFENDANT'S PRESENTENCE REPORT.  THAT WAS SOMETHING THAT

16  I WOULD CERTAINLY ADD THAT.

17          AND OTHERWISE, NO, THESE CONDITIONS OF RELEASE ARE

18  DIFFERENT FROM THOSE CONDITIONS AND DO NOT INCLUDE LOCATION

19  MONITORING.

20          IS THAT CORRECT, MR. REILLY?

21          MR. REILLY:  NO, YOUR HONOR.  THEY -- THEY DO --

22          EXCUSE ME, YOUR HONOR.  I APOLOGIZE.

23          THEY -- THEY DO CONTEMPLATE LOCATION --

24          YOUR HONOR, I THINK -- WELL, SORRY.  I -- I SHOULD BE

25  CLEAR.

1       WE HAD INITIALLY CONTEMPLATED THAT THERE WOULD BE GPS

2   MONITORING IMPOSED BY THE EASTERN DISTRICT.

3       WE -- I THINK AS MR. FREEDMAN INDICATED IN THE LAST

4   MATTER, WE -- WE WERE UNCERTAIN WHETHER PRETRIAL GIVEN -- GIVEN

5   THESE WERE HAPPENING ON FRIDAY.  AND WE WERE SEEKING TO SECURE

6   CERTAIN -- OF RELEASE, WHETHER PRETRIAL IN CALIFORNIA WOULD BE

7   -- WOULD BE ABLE TO SECURE GPS MONITORING IN -- IN -- IN A

8   TIMELY FASHION UNLESS IT CONTEMPLATED ESSENTIALLY PRESENCE WITH

9   HIS -- TRAVELING WITH HIS -- HIS ATTORNEY UNTIL THE APPEARANCE

10  MONDAY.

11      THE GOVERNMENT WOULD ASK -- AND I THINK IT'S

12  CONSISTENT WITH THE -- THE REQUEST OR THE AGREEMENT TO PRETRIAL

13  MONITORING IN THE EASTERN DISTRICT, THAT IF -- IF PRETRIAL

14  SERVICES IN CALIFORNIA IS ABLE TO EFFECTUATE THE LOCATION

15  MONITORING IN THIS INSTANCE WE WOULD ASK THAT -- WITH A

16  BRACELET -- WE WOULD ASK THAT IT BE -- THAT -- THAT THAT BE

17  IMPOSED AS A CONDITION UNTIL HE TRAVELS TO THE EASTERN

18  DISTRICT.

19      THE COURT:  ALL RIGHT.

20      WELL, LET ME ASK THE PRETRIAL SERVICES OFFICER ALSO

21  IF POSSIBLE THAT I WOULD LIKE A -- THE PROPOSED ORDER SAYING

22  CONDITIONS OF RELEASE TO BE PROVIDED TO PRETRIAL SERVICES HERE.

23      U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR,

24  THE PROPOSED ORDER WAS PROVIDED TO PRETRIAL SERVICES.

25      THE COURT:  ALL RIGHT.

1          U.S. PRETRIAL SERVICES OFFICER WALKER:  AS MR. REILLY

2   STATED, THE PARTIES AGREED AND HAD ENVISIONED THAT MR. BARRACK

3   WOULD BE IN MY TRUST, IF YOU WILL, UNTIL HE APPEARED IN THE

4   EASTERN DISTRICT.

5          WE DON'T HAVE ANY OBJECTION TO HIM UNDERGOING GPS

6   HERE IN CALIFORNIA UNTIL MONDAY.

7          OUR-- OUR DEEP CONCERN IS THAT OUR -- IS THAT IT'S

8   FRIDAY AFTERNOON.  AND WE ARE -- WE HAVE -- WE HAVE -- AS

9   YOU'VE SEEN FROM THE MOUNTAIN OF PAPERS WE HAVE MOVED GREAT

10  MOUNTAINS TO ENSURE THAT MR. BARRACK IS ABLE TO GET OUT BEFORE

11  THE WEEKEND SO THAT HE CAN GET TO NEW YORK AND APPEAR FOR HIS

12  ARRAIGNMENT ON MONDAY.

13         SO, THAT'S -- THAT'S OUR CONCERN.

14         AND WHAT I MIGHT SUGGEST IS IF YOU -- IF YOUR HONOR

15  MIGHT CONSIDER ORDERING THAT IF THE GPS CAN BE ACCOMPLISHED

16  HERE IN THE CENTRAL DISTRICT OF CALIFORNIA BY 3:00 P.M., GREAT.

17  IF IT CAN'T, WE WOULD SUGGEST THAT THINGS SHOULD REVERT TO THE

18  ORIGINAL ARRANGEMENT WE HAD WITH THE GOVERNMENT WHICH IS THAT

19  THE GPS WILL START ON MONDAY IN THE EASTERN DISTRICT.

20         THE COURT:  ALL RIGHT.

21         WELL, UNLESS PRETRIAL SERVICES HAS A DIFFERENT

22  SUGGESTION, I'M INCLINED TO ENTER THE SAME ORDER THAT I DID

23  WITH REGARD TO MR. GRIMES -- PRETRIAL SERVICES IS ABLE TO PLACE

24  THE LOCATION MONITORING BRACELET TODAY.  I BELIEVE THEY'RE BOTH

25  INCARCERATED AT THE SAME FACILITY.  IT WILL PROBABLY BE

1    ACCOMPLISHED AT THE -- AT THE SAME TIME.

2              SO, I'LL IMPOSE IT AS A CONDITION.  AND -- AND AS I

3    SAID EARLIER -- MR. FREEDMAN TURNS OUT THAT THAT'S NOT

4    POSSIBLE, THE PARTIES CAN -- CAN CONTACT MY -- MY COURTROOM

5    DEPUTY.

6              MR. DESAI:  AND, YOUR HONOR, IF I MAY -- NOT THAT

7    THIS WOULD HAVE TO BE PART OF THE ORDER -- BUT COULD WE HAVE AN

8    OPERATING PRESUMPTION THAT IF THAT HAS NOT BEEN ACCOMPLISHED BY

9    3:00, WE CAN COME BACK TO YOUR HONOR.

10             I'M JUST VERY WORRIED ABOUT FRIDAY AFTERNOON.

11             THE COURT:  WELL, IT'S STILL FRIDAY MORNING HERE.

12             BUT LET ME ASK THE PRETRIAL SERVICES OFFICER IF HE

13   THINKS IT CAN BE ACCOMPLISHED THIS AFTERNOON.  I'M NOT SURE WE

14   NEED TO IMPOSE THE 3:00 DEADLINE ON PRETRIAL SERVICES.  BUT

15   I'LL -- I'D LIKE TO HEAR WHAT THE PRETRIAL SERVICES OFFICER HAS

16   TO SAY.

17             UNITED STATES PRETRIAL OFFICER WALKER:  YOUR HONOR, I

18   DID REACH OUT WITH THE LOCATION MONITORING OFFICER EARLIER

19   PRIOR TO THIS HEARING.

20             HOWEVER, IF WE CAN TAKE A BRIEF RECESS, I CAN CONFIRM

21   AND SPEAK WITH THE LOCATION MONITORING AND LET HIM KNOW WHERE

22   BOTH DEFENDANTS ARE SO THAT WE CAN ENSURE THAT THIS HAPPENS --

23   OCCURS BEFORE 4:30 TODAY.

24             THE COURT:  CERTAINLY.  YES.

25             WE WILL TAKE A BRIEF RECESS AND GIVE PRETRIAL

1  SERVICES THE OPPORTUNITY TO DO THAT.

2          PLEASE NOTIFY MY COURTROOM DEPUTY WHEN YOU ARE READY

3  TO -- READY TO RESUME.

4          UNITED STATES PRETRIAL SERVICES OFFICER WALKER:  AND,

5  YOUR HONOR, PRETRIAL SERVICES REQUESTS THE STIPULATED BOND

6  AGREEMENT, IF I CAN GET A COPY OF THAT AS WELL, THAT WOULD BE

7  GREATLY APPRECIATED.

8          THE COURT:  ALL RIGHT.

9          MR. REILLY, I'M GOING TO ORDER --

10          MR. REILLY:  YES.  THAT'S --

11          THE COURT: -- PROVIDED TO PRETRIAL SERVICES WITH ALL

12  OF THE BOND --

13          MR. REILLY:  ABSOLUTELY, YOUR HONOR.

14          THE COURT:  ALL RIGHT.

15          THEN WE'LL TAKE A BRIEF RECESS.

16          (RECESS AT 11:03 A.M. TO 11:20 A.M.)

17          THE CLERK:  RECALLING CASE NUMBER 21-MJ-3402, UNITED

18  STATES VERSUS THOMAS JOSEPH BARRACK.

19          COUNSEL, PLEASE STATE YOUR APPEARANCES STARTING WITH

20  PLAINTIFF.

21          MR. MORSE:  GOOD MORNING AGAIN, YOUR HONOR.

22          MICHAEL MORSE ON BEHALF OF THE UNITED STATES.

23          (PAUSE IN PROCEEDINGS.)

24          MR. MORSE:  I THINK YOU'RE ON MUTE, MR. REILLY.

25          MR. REILLY:  I APOLOGIZE.

11

1              NATHAN REILLY FROM THE EASTERN DISTRICT OF NEW YORK,

2   YOUR HONOR.

3              MR. DESAI:  GOOD MORNING AGAIN, YOUR HONOR.

4              RONAK DESAI ON BEHALF OF MR. BARRACK.

5              MR. HERRINGTON:  AND GOOD MORNING, YOUR HONOR.

6              MATT HERRINGTON AGAIN ON BEHALF OF MR. BARRACK.

7              THE COURT:  ALL RIGHT.

8              THANK YOU, EVERYONE.

9              AND WHAT -- WHAT INFORMATION DOES PRETRIAL SERVICES

10  HAVE?

11             UNITED STATES PRETRIAL SERVICES OFFICER WALKER:  YOUR

12  HONOR, PRETRIAL SERVICES DID REACH OUT TO THE LOCATION

13  MONITORING OFFICER.  AND PROVIDED THAT BOTH DEFENDANTS ARE

14  THERE, WE CAN ARRANGE FOR BOTH DEFENDANTS TO BE PLACED ON A

15  LOCATION MONITORING BRACELET TODAY.

16             AND THE LOCATION MONITORING OFFICER ASKED ME TO

17  NOTIFY BOTH --

18             THE COURT:  ALL RIGHT.

19             THANK YOU VERY MUCH, MR. WALKER, FOR CHECKING INTO

20  THAT.

21             AND THE --

22             U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR --

23             THE COURT:  -- COURT WILL IMPOSE LOCATION MONITORING

24  WITH A BRACELET AND WITH GPS.

25             ARE THERE QUESTIONS --

1           U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR --

2           THE COURT:  -- REGARDING THAT?

3           U.S. PRETRIAL SERVICES OFFICER WALKER: -- PRETRIAL --

4           THE COURT:  YES?

5           U.S. PRETRIAL SERVICES OFFICER WALKER:  YEAH.

6           PROVIDED THAT -- WELL, I DID SPEAK WITH THE LOCATION

7    MONITORING OFFICER.  AND JUST FOR YOUR REFERENCE THAT IF WE DID

8    GO WITH THE CURFEW, I BELIEVE IT WAS FROM 10:00 P.M. TO 6:00

9    A.M., THAT -- THOSE HOURS CANNOT BE CHANGED.  SO, IF THERE'S --

10   THERE'S A CHANGE IN THEIR WORK HOURS, IT'S GOING TO BE

11   DIFFICULT FOR THEM TO WORK AROUND THAT TIME.

12           SO, THE PRETRIAL SERVICES ONLY ASKS THAT WE HAVE

13   DISCRETION WHERE WE CAN SET IT AT --

14           (PAUSE IN PROCEEDINGS.)

15           U.S. PRETRIAL SERVICES OFFICER WALKER:  MY APOLOGIES.

16           ONE SECOND, YOUR HONOR.

17           (PAUSE IN PROCEEDINGS.)

18           U.S. PRETRIAL SERVICES OFFICER WALKER:  PRETRIAL

19   SERVICES ONLY ASKS THAT THE CURFEW -- THAT THEY ARE RESTRICTED

20   TO THEIR RESIDENCE EVERY DAY AS DIRECTED BY SUPERVISING AGENCY.

21           THE COURT:  ALL RIGHT.

22           SO I UNDERSTAND, YOU'RE RECOMMENDING RATHER THAN HAVE

23   THE CURFEW BE SPECIFICALLY FROM 10:00 P.M. TO 6:00 A.M., TO

24   IMPOSE A CONDITION THAT THE CURFEW BE AS DIRECTED BY THE

25   PRETRIAL SERVICES AGENCY.

1          I UNDERSTAND THAT.

2          U.S. PRETRIAL SERVICES OFFICER WALKER:  YES, YOUR

3    HONOR.

4          THE COURT:  I THINK YOU ALSO MENTIONED RESTRICTION TO

5    YOUR -- RESTRICTION TO THE RESIDENCE?

6          U.S. PRETRIAL SERVICES OFFICER WALKER:  YES -- WELL,

7    PART OF THE CURFEW.  THAT WAS A PART OF THE CURFEW CONDITION

8    WITH THE GPS RESTRICTION.

9          THE COURT:  ALL RIGHT.

10         COUNSEL, DO YOU HAVE ANY COMMENT ON THAT?

11         GOVERNMENT?

12         MR. REILLY:  THE GOVERNMENT DOESN'T OBJECT, YOUR

13   HONOR.

14         MR. DESAI:  YOUR HONOR, IT'S A SMALL POINT, BUT

15   BECAUSE MR. BARRACK'S CALIFORNIA RESIDENCE IS ACTUALLY IN SANTA

16   YNEZ, HE WAS THINKING THAT TONIGHT HE MIGHT JUST STAY IN A

17   HOTEL LOCALLY.

18         SO, WE WOULD BE HAPPY TO PROVIDE DETAILS ON THAT TO

19   PRETRIAL SERVICES.  AND THEN HE WOULD BE AT HIS SANTA YNEZ

20   RESIDENCE TOMORROW NIGHT.  AND THEN THE DAY AFTER THAT WE WILL

21   BE WITH NOTICE TO THE GOVERNMENT TRAVELING TO NEW YORK FOR THE

22   EASTERN DISTRICT PROCEEDING.

23         THE COURT:  ALL RIGHT.

24         SO, I'LL JUST IMPOSE THE CONDITION RESTRICTION TO

25   RESIDENCE AS DIRECTED BY THE PRETRIAL SERVICES AGENCY.

1          AND THEN YOU CAN WORK OUT THE PARTICULARS WITH THE

2    PRETRIAL SERVICES AGENCY.

3          BUT I AGREE WITH THE PRETRIAL SERVICES OFFICER THAT'S

4    MORE FLEXIBLE I THINK AND MORE PRACTICAL.

5          ALL RIGHT.

6          MR. WALKER, HAS THE PRETRIAL SERVICES AGENCY RECEIVED

7    THE PROPOSED ORDER SETTING CONDITIONS OF RELEASE THAT THE

8    PARTIES SUBMITTED?

9          U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR,

10   PRETRIAL SERVICES RECEIVED THE ORDER SETTING CONDITIONS OF

11   RELEASE.  AND I DID REVIEW IT.  AND I JUST ADDED THAT CONDITION

12   ON THERE AS WELL -- OR I JUST REQUESTED THE CURFEW BE MODIFIED.

13         THE COURT:  OKAY.

14         AND DO YOU HAVE MODIFICATIONS OR COMMENTS ABOUT ANY

15   OF THE OTHER PROPOSED CONDITIONS?

16         U.S. PRETRIAL SERVICES OFFICER WALKER:  NO, YOUR

17   HONOR.

18         THE COURT:  ALL RIGHT.

19         (PAUSE IN PROCEEDINGS.)

20         THE COURT:  COUNSEL, THE -- ONE OF THE CONDITIONS IS

21   THAT THE DEFENDANT SHALL SURRENDER HIS PASSPORTS.

22         THE PROPOSED ORDER THAT YOU ALL SUBMITTED STATES "AS

23   DIRECTED BY COUNSEL OF RECORD FOR THE GOVERNMENT."

24         I'D LIKE TO MAKE THIS MORE SPECIFIC.  I KNOW THAT A

25   DECLARATION REGARDING PASSPORT AND OTHER TRAVEL DOCUMENTS WAS

1   FILED IN THIS CASE ON JULY 20TH.

2            BUT WHAT'S THE STATUS OF THE PASSPORT SURRENDER?

3            MR. DESAI:  YOUR HONOR, WE ARE AT THE FACILITY, AND

4   WE HAVE THE PASSPORTS WITH US.  SO, WE WILL BE HAPPY TO

5   SURRENDER THOSE TO PRETRIAL SERVICES WHEN THEY COME OUT TO THE

6   FACILITY.

7            THE COURT:  ALL RIGHT.  THANK YOU.

8            THEN I'LL ORDER SURRENDER OF THE PASSPORT NO LATER

9   THAN TODAY.

10            ALL RIGHT.

11            AND, THEN, YES, AS COUNSEL NOTED EARLIER, YOU ALL

12   HAVE SUBMITTED PROPOSED APPEARANCE BOND WITH SEVERAL SURETIES.

13   AND I'D LIKE ALL OF THOSE SURETIES WHO ARE PRESENT TO PLEASE

14   IDENTIFY THEMSELVES.

15            U.S. PRETRIAL SERVICES OFFICER WALKER:  YOUR HONOR, I

16   APOLOGIZE FOR INTERRUPTING.

17            IT MAY BE IF YOU COULD ASK MS. MARTINEZ TO ELEVATE

18   MS. RACHELLE BARRACK TO ANALYST.  I DON'T BELIEVE SHE CAN

19   CURRENTLY SPEAK THROUGH THE ZOOM.

20            THE COURT:  OH, YES.

21            (THE COURT CONFERRING WITH CLERK.)

22            THE CLERK:  MS. BARRACK AND WHO ELSE?

23            U.S. PRETRIAL SERVICES OFFICER WALKER:  I BELIEVE THE

24   OTHER TWO ARE ABLE TO SPEAK.  IT'S --

25            (PAUSE IN PROCEEDINGS.)

1              U.S. PRETRIAL SERVICES OFFICER WALKER:  SO, IT'S

2     RACHELLE BARRACK, T.J. BARRACK, AND JONATHAN GRUNDSWAG.

3              MS. BARRACK:  I'M BACK.

4              U.S. PRETRIAL SERVICES OFFICER WALKER:  OKAY.  GREAT.

5              THE COURT:  ALL RIGHT.

6              SO, STARTING WITH RACHELLE BARRACK.

7              MS. BARRACK, THE COURT HAS RECEIVED AN APPEARANCE

8     BOND THAT AMONG OTHER THINGS STATES THE AGREEMENT BY THE

9     DEFENDANT THOMAS BARRACK TO FOLLOW EVERY ORDER OF THE COURT AND

10    AGREEING THAT THE BOND MAY BE FORFEITED IF HE FAILS TO APPEAR

11    FOR COURT PROCEEDINGS.  IF CONVICTED, TO SURRENDER TO SERVE A

12    SENTENCE THAT THE COURT MAY IMPOSE.  OR TO COMPLY WITH ALL

13    CONDITIONS SET FORTH IN THE ORDER SETTING CONDITIONS OF

14    SUPERVISED RELEASE.

15             AND THIS FORM SPECIFICALLY STATES:

16             "THIS APPEARANCE BOND MAY BE FORFEITED IF THE

17             DEFENDANT DOES NOT COMPLY WITH THE ABOVE AGREEMENT."

18             AND THIS APPEARS TO CONTAIN YOUR SIGNATURE.

19             DID YOU, IN FACT, PROVIDE YOUR TRUE AND CORRECT

20    SIGNATURE ON THIS APPEARANCE BOND?

21             MS. BARRACK:  YES, YOUR HONOR.

22             THE COURT:  OKAY.

23             AND DO YOU UNDERSTAND THAT IF THE DEFENDANT DOES NOT

24    COMPLY WITH ANY OF THE CONDITIONS OF RELEASE, THE BOND MAY BE

25    FORFEITED?

1          MS. BARRACK:  YES, YOUR HONOR.

2          THE COURT:  AND DO YOU UNDERSTAND THAT MEANS THAT

3    ESSENTIALLY YOU COULD BE REQUIRED TO GIVE ALL OF THIS MONEY TO

4    THE GOVERNMENT?

5          MS. BARRACK:  YES, YOUR HONOR.

6          THE COURT:  AND KNOWING ALL OF THAT, ARE YOU

7    VOLUNTARILY WILLING TO SERVE AS A SURETY IN THIS CASE?

8          MS. BARRACK:  YES, YOUR HONOR.

9          THE COURT:  ALL RIGHT.

10         THOMAS BARRACK, III.  ARE YOU --

11         MR. THOMAS BARRACK, III:  YES, YOUR HONOR.

12         THE COURT:  ALL RIGHT.  SORRY.  I'M JUST LOOKING ON

13   MY SCREEN.

14         ALL RIGHT.

15         MR. BARRACK, DID YOU SIGN THIS APPEARANCE BOND -- IT

16   APPEARS YOUR SIGNATURE IS HERE -- ON JULY 22ND OF 2021?

17         MR. THOMAS BARRACK, III:  YES, YOUR HONOR.

18         THE COURT:  OKAY.

19         AND AS I JUST STATED, THIS BOND REQUIRES THAT -- IT

20   CONTAINS THE AGREEMENT OF THE DEFENDANT THOMAS BARRACK TO

21   FOLLOW EVERY ORDER OF THE COURT OR ANY COURT THAT CONSIDERS

22   THIS CASE.  AND HIS AGREEMENT THAT THE BOND MAY BE FORFEITED IF

23   HE FAILS TO APPEAR FOR COURT PROCEEDINGS.  IF CONVICTED, TO

24   SURRENDER TO SERVE A SENTENCE THAT THE COURT MAY IMPOSE OR TO

25   COMPLY WITH ALL CONDITIONS SET FORTH IN THE ORDER SETTING

18

1    CONDITIONS OF RELEASE.

2              THIS ALSO STATES THAT THE BOND MAY BE FORFEITED IF

3    THE DEFENDANT DOES NOT COMPLY WITH THE ABOVE AGREEMENT.

4              DO YOU UNDERSTAND THAT?

5              MR. THOMAS BARRACK, III:  YES, YOUR HONOR.

6              THE COURT:  AND UNDERSTANDING THAT, DID YOU

7    VOLUNTARILY SIGN THIS APPEARANCE BOND?

8              MR. THOMAS BARRACK III:  YES, YOUR HONOR.

9              THE COURT:  ALL RIGHT.

10             AND MR. GRUNDSWAG, CAN YOU PLEASE IDENTIFY YOURSELF

11   FOR THE COURT.

12             MR. GRUNDSWAG:  GOOD MORNING, YOUR HONOR.

13             JONATHAN GRUNDSWAG.

14             THE COURT:  ALL RIGHT.

15             AND, MR. GRANDSWAG, DID YOU ALSO SIGN THIS APPEARANCE

16   BOND FOR THE DEFENDANT IN THIS CASE?

17             MR. GRUNDSWAG:  YES, YOUR HONOR.

18             THE COURT:  OKAY.

19             AND YOU UNDERSTAND -- DID YOU HEAR WHAT I SAID TO THE

20   OTHER TWO SURETIES?

21             MR. GRUNDSWAG:  AFFIRMATIVE.

22             THE COURT:  ALL RIGHT.

23             AND YOU UNDERSTAND THAT IF MR. BARRACK FAILS TO

24   COMPLY WITH ANY OF THE CONDITIONS OF RELEASE, THE BOND WILL BE

25   FORFEITED AND YOU SPECIFICALLY WOULD FORFEIT THIS MONEY.

1              DO YOU UNDERSTAND THAT?

2              MR. GRUNDSWAG:  I DO, YOUR HONOR.

3              THE COURT:  ALL RIGHT.

4              AND THE COURT HAS ALSO RECEIVED A LETTER SIGNED BY

5   MR. BARRACK.  AND I'LL ASK ABOUT THAT IN A MOMENT -- AND

6   ACKNOWLEDGED BY RONALD SANDERS, THE CHIEF LEGAL OFFICER FOR

7   DIGITAL BRIDGE GROUP.

8              IS MR. SANDERS ALSO PRESENT?

9              MR. DESAI:  YOUR HONOR, HE IS -- HE IS NOT PRESENT.

10  THOUGH I HAVE DISCUSSED THAT WITH HIM IN GREAT DETAIL.

11             THE COURT:  ALL RIGHT.

12             SO, AS TO THE LETTER THAT I JUST REFERENCED DATED

13  JULY 22ND, 2021 REGARDING DIGITAL BRIDGE GROUP, INC.

14             COUNSEL, IS THIS MR. BARRACK'S SIGNATURE ON THIS

15  LETTER?

16             MR. DESAI:  YES, IT IS, YOUR HONOR.

17             THE COURT:  ALL RIGHT.

18             AND IS THIS ALSO MR. BARRACK'S SIGNATURE ON THE

19  APPEARANCE BOND THAT I DISCUSSED EARLIER?

20             MR. DESAI:  YES, IT IS, YOUR HONOR.

21             THE COURT:  OKAY.

22             AND HOW DO YOU KNOW THAT?

23             MR. DESAI:  I WAS WITH MR. BARRACK WHEN HE SIGNED

24  THESE PAPERS YESTERDAY, YOUR HONOR.

25             THE COURT:  OKAY.

1          ALL RIGHT.  AND DID YOU EXPLAIN TO HIM ALL OF THE

2    TERMS OF THIS BOND?

3          MR. DESAI:  I DID, YOUR HONOR.

4          THE COURT:  ALL RIGHT.

5          AND IT'S -- YOU BELIEVE THAT HE FULLY UNDERSTANDS THE

6    TERMS?

7          MR. DESAI:  I DO, YOUR HONOR.

8          THE COURT:  ALL RIGHT.

9          (PAUSE IN PROCEEDINGS.)

10         THE COURT:  ALL RIGHT.  THEN, THE COURT ORDERS THE

11   BOND AS FOLLOWS:

12         A SECURED BOND IN THE AMOUNT OF $250 MILLION SECURED

13   BY $5 MILLION IN CASH DEPOSITED AT THE DIRECTION OF THE COURT.

14   AND SPECIFICALLY, THE 5-MILLION-DOLLAR CASH PORTION OF THE BOND

15   WILL BE HELD IN THE TRUST ACCOUNT OF PAUL HASTINGS LLP PENDING

16   FURTHER DIRECTION FROM THE COURT.

17         MR. DESAI:  AND, YOUR HONOR, I CAN CONFIRM THAT THOSE

18   FUNDS ARE IN THE TRUST ACCOUNT AS WE SPEAK.

19         THE COURT:  ALL RIGHT.

20         THANK YOU, COUNSEL.

21         THE BOND IS ALSO SECURED BY THE AGREEMENT OF THE

22   DEFENDANT AND EACH SURETY WHOM I QUESTIONED EARLIER TO FORFEIT

23   THE FOLLOWING CASH OR OTHER PROPERTY:

24         21,000 -- EXCUSE ME, 21,239,192 DIGITAL BRIDGE

25   OPERATING COMPANY LLC OP UNITS PURSUANT TO THE DIGITAL BRIDGE

1   BARRACK AGREEMENT LETTER THAT I REFERENCED EARLIER.

2           AND THE PRIMARY RESIDENCE OF TOM BARRACK, T.J.

3   BARRACK, III, RACHELLE BARRACK AND JONATHAN GRUNDWAG PURSUANT

4   TO LETTERS SUBMITTED TO THE EASTERN DISTRICT OF NEW YORK UNITED

5   STATES ATTORNEY'S OFFICE.

6           THE DOCUMENTS REGARDING THE SECURED INTEREST HAVE

7   BEEN PROVIDED TO THE COURT.

8           AND I SHOULD INQUIRE.

9           MR. REILLY, THE GOVERNMENT HAS REVIEWED ALL OF THE

10  BOND PAPERWORK IN THIS CASE.

11          IS THAT CORRECT?

12          MR. REILLY:  IT HAS, YOUR HONOR.

13          THE COURT:  ALL RIGHT.

14          THE DEFENDANT SHALL SUBMIT TO PRETRIAL SERVICES

15  AGENCY SUPERVISION AS DIRECTED BY THE PRETRIAL SERVICES AGENCY.

16          HE SHALL SURRENDER ALL PASSPORTS AND TRAVEL DOCUMENTS

17  TO THE PRETRIAL SERVICES AGENCY NO LATER THAN JULY 23RD, 2021.

18          SIGN A DECLARATION REGARDING PASSPORT AND OTHER

19  TRAVEL DOCUMENTS.  AND DO NOT APPLY FOR A PASSPORT OR OTHER

20  TRAVEL DOCUMENT DURING THE PENDENCY OF THIS CASE.

21          DEFENDANT SHALL HAVE NO CONTACT WITH THE FIRST NAMED

22  DEFENDANT IN EASTERN DISTRICT OF NEW YORK MATTER NUMBER

23  121-CR-00371-BMC(TAM), OR WITH ANY OFFICIALS OF THE UNITED ARAB

24  EMIRATES OR THE KINGDOM OF SAUDIA ARABIA OR THEIR ASSOCIATES.

25          DEFENDANT SHALL HAVE NO CONTACT WITH THE THIRD NAMED

1  DEFENDANT IN THAT SAME EASTERN DISTRICT OF NEW YORK MATTER THAT

2  I JUST REFERENCED OTHER THAN IN THE COMPANY OF THEIR RESPECTIVE

3  COUNSEL.

4           DEFENDANT SHALL TRAVEL ONLY BY ROAD OR COMMON AIR

5  CARRIER.

6           (AUDIO INTERRUPTION.)

7           THE COURT:  DEFENDANT SHALL RESIDE AS APPROVED BY THE

8  PRETRIAL SERVICES AGENCY.  AND HE WILL NOT RELOCATE WITHOUT

9  PRIOR PERMISSION FROM THE PRETRIAL SERVICES AGENCY.

10          AS DIRECTED BY THE GOVERNMENT, AND SUBJECT TO FURTHER

11 ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

12 DISTRICT OF NEW YORK, DEFENDANT SHALL APPEAR IN THAT COURT ON

13 MONDAY, JULY 26TH, 2021.

14          IN ADVANCE OF TRAVEL TO THE EASTERN DISTRICT OF NEW

15 YORK INITIAL HEARING ON JULY 26TH, DEFENDANT WILL REMAIN IN THE

16 CENTRAL DISTRICT OF CALIFORNIA AND SHALL REMAIN AND TRAVEL IN

17 THE COMPANY OF HIS COUNSEL OF RECORD MATTHEW J. HERRINGTON OF

18 PAUL HASTINGS, LLP.

19          WITHIN 24 HOURS OF NOTICE BEING PROVIDED OF THE

20 EASTERN DISTRICT OF NEW YORK INITIAL HEARING SCHEDULE,

21 DEFENDANT SHALL PROVIDE A COMPLETE TRAVEL ITINERARY TO THE

22 GOVERNMENT.

23          AFTER THE EASTERN DISTRICT OF NEW YORK INITIAL

24 HEARING, TRAVEL SHALL BE RESTRICTED TO THE CENTRAL DISTRICT OF

25 CALIFORNIA, THE EASTERN DISTRICT OF NEW YORK, AND THE SOUTHERN

1  DISTRICT OF NEW YORK.

2          WRITTEN ADVANCE NOTICE SHALL BE PROVIDED TO THE

3  GOVERNMENT OF ALL ITINERARIES NOT LESS THAN THREE BUSINESS DAYS

4  IN ADVANCE OF TRAVEL BETWEEN THESE DISTRICTS.

5          AS DIRECTED BY THE GOVERNMENT, AND SUBJECT TO FURTHER

6  ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

7  DISTRICT OF NEW YORK, ON THE DAY OF THE EASTERN DISTRICT OF NEW

8  YORK INITIAL HEARING DEFENDANT SHALL REPORT TO THE EASTERN

9  DISTRICT OF NEW YORK PRETRIAL SERVICES.  SHALL AGREE TO SUCH

10  TELEPHONE AND/OR INTERNET CONTACT PROTOCOL AS IS DIRECTED.  AND

11  SHALL SUBMIT TO GPS MONITORING AT HIS OWN EXPENSE.

12          SPECIFICALLY THE COURT ORDERS LOCATION MONITORING

13  WITH A BRACELET WITH GLOBAL POSITIONING SYSTEM AND ORDERS THAT

14  THE DEFENDANT BE RELEASED TO THE SUPERVISING AGENCY ONLY FOR

15  THE PLACEMENT OF THE BRACELET.

16          DEFENDANT SHALL OBSERVE A CURFEW AND IS RESTRICTED TO

17  HIS RESIDENCE AS DIRECTED BY THE PRETRIAL SERVICES AGENCY.

18          DEFENDANT SHALL NOT TRANSFER ANY FUNDS OVERSEAS OR

19  ENGAGE IN ANY FINANCIAL TRANSACTION WITH ANY OVERSEAS

20  COUNTERPARTY.

21          DEFENDANT SHALL NOT ENGAGE IN ANY DOMESTIC FINANCIAL

22  TRANSACTIONS IN EXCESS OF $50,000 EXCEPT A NORMAL AND CUSTOMARY

23  PAYMENT OF ATTORNEY'S FEES AND, INCLUDING, BUT NOT LIMITED TO,

24  ANY TRANSACTIONS INVOLVING PUBLICLY HELD SECURITIES OF ANY

25  DESCRIPTION WITHOUT THE PRIOR WRITTEN CONSENT OF THE

1    GOVERNMENT.

2              DEFENDANT SHALL COMPLY WITH ALL LOCAL, STATE AND

3    FEDERAL COVID-19 GUIDELINES.

4              COUNSEL ARE ORDERED TO OBTAIN A COPY OF THE GENERAL

5    CONDITIONS OF RELEASE FROM PRETRIAL SERVICES AND TO PROVIDE

6    THOSE TO THE DEFENDANT.

7              THE DEFENDANT IS ORDERED TO COMPLY WITH THE GENERAL

8    CONDITIONS OF RELEASE AS WELL AS THE SPECIFIC CONDITIONS THAT I

9    HAVE JUST OUTLINED.

10             A COPY OF ALL OF THE CONDITIONS OF RELEASE IS TO BE

11   PROVIDED TO EVERY SURETY.

12             ALL RIGHT.  AND, MR. REILLY, DO THE SAME CONDITIONS

13   APPLY WITH REGARD TO THE HEARING -- I BELIEVE YOU SAID ON

14   MONDAY, JULY 26TH AT NOON?

15             MR. REILLY:  YES, YOUR HONOR.

16             THE DEFENDANT -- AND WE'VE COMMUNICATED THIS TO

17   COUNSEL -- BUT MR. BARRACK HAS BEEN DIRECTED BY THE COURT TO

18   APPEAR IN PERSON.

19             AND SIMILARLY THE REQUEST HAS BEEN THAT THE SURETIES

20   BE AVAILABLE AGAIN REMOTELY FOR -- FOR APPEARANCE BEFORE JUDGE

21   BULSARA HERE IN THE EASTERN DISTRICT.

22             THE COURT:  ALL RIGHT.

23             SO, MR. BARRACK IS ORDERED TO APPEAR IN PERSON AT

24   NOON BEFORE JUDGE BULSARA IN THE EASTERN DISTRICT OF NEW YORK.

25             THE SURETIES, EACH OF WHOM ARE SO PRESENT, ARE ALSO

1 | ORDERED TO APPEAR AT NOON IN THE EASTERN DISTRICT OF NEW YORK.

2 | AND THOSE APPEARANCES MAY BE CONDUCTED REMOTELY.

3 |          ALL RIGHT.  IS THERE ANYTHING FURTHER FROM THE

4 | GOVERNMENT?

5 |          MR. REILLY:  NO, YOUR HONOR.

6 |          THE COURT:  IS THERE ANYTHING FURTHER FROM THE

7 | DEFENSE?

8 |          MR. DESAI:  NO, YOUR HONOR.

9 |          AND I'D JUST EXPRESS OUR THANKS TO PRETRIAL SERVICES

10 | FOR NAILING THAT DOWN WITH THE GPS.

11 |          THE COURT:  ALL RIGHT.

12 |          YES.  PRETRIAL SERVICES HERE GENERALLY DOES AN

13 | EXCELLENT JOB.

14 |          SO, YES, THANK YOU VERY MUCH, MR. WALKER.

15 |          ALL RIGHT.

16 |          U.S. PRETRIAL SERVICES OFFICER WALKER:  THANK YOU.

17 |          YOUR HONOR, JUST SO -- JUST FOR CLARIFICATION, I JUST

18 | WANT TO MAKE SURE THAT THE TRAVEL AS FAR AS -- MAYBE I MISHEARD

19 | -- BUT AS FAR AS THE TRAVEL, WAS THAT RESTRICTED TO THE

20 | EASTERN DISTRICT OF NEW YORK ALONG WITH THE CENTRAL DISTRICT OF

21 | CALIFORNIA?

22 |          THE COURT:  THE TRAVEL RESTRICTION IS THE CENTRAL

23 | DISTRICT OF CALIFORNIA, THE EASTERN DISTRICT OF NEW YORK, AND

24 | THE SOUTHERN DISTRICT OF NEW YORK.

25 |          U.S. PRETRIAL SERVICES OFFICER WALKER:  UNDERSTOOD.

26

1            THE COURT:  ALL RIGHT.

2            ANYTHING -- ANY FURTHER QUESTIONS FROM PRETRIAL

3    SERVICES?

4            U.S. PRETRIAL SERVICES OFFICER WALKER:  NO, YOUR

5    HONOR.

6            THE COURT:  ALL RIGHT.

7            THANK YOU VERY MUCH.

8            MR. DESAI:  THANK YOU, JUDGE.

9            MR. REILLY:  THANK YOU, YOUR HONOR.

10           MR. HERRINGTON:  THANK YOU, YOUR HONOR.

11           THE CLERK:  COURT IS ADJOURNED.

12           (PROCEEDINGS ADJOURNED AT 11:42 A.M.)

13

14

15

16

17

18

19

20

21

22

23

24

25

27

1

2

3                          C E R T I F I C A T E

4

5                              DISCLAIMER

6

7        THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY

8         AFFECTED DUE TO ABSENCE OF AUDIO FOR THE JUDGE.

9

10

11

12        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
   FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
   ABOVE-ENTITLED MATTER.

13

14
   /S/ DOROTHY BABYKIN                    7/26/21
15 _____    _____
   FEDERALLY CERTIFIED TRANSCRIBER         DATED
16 DOROTHY BABYKIN

17

18

19

20

21

22

23

24

25